UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LAWRENCE PALMER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HSBC BANK, USA, N.A.,<br><br>    Defendant. | Case No. 22-cv-02178-VC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 150 |

## INTRODUCTION

The parties dispute whether the defendant must serve supplemental responses to the plaintiff's written discovery requests.[1] The plaintiff argues that the defendant's responses to the plaintiff's (1) Requests for Production Nos. 1–11, 13–26, 29–38 and (2) Interrogatories Nos. 1–33 are improper or incomplete.[2] The plaintiff also challenges the defendant's failure to (1) provide a privilege log, (2) verify the responses to the interrogatories "under oath," and (3) produce unredacted copies of responsive documents.[3] The defendant counters that the material the plaintiff's seeks is beyond the scope of permissible discovery because (1) the only remaining claims are the plaintiff's individual

---

[1] Disc. Letter – ECF No. 150. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2–3.

[3] *Id.* at 4.

ORDER – No. 22-cv-02178-VC (LB)

claims under the Fair Credit Reporting Act (FCRA) and (2) the defendant has produced all the documents it has relating to the plaintiff's "FCRA claims, including the firm offer of credit that was mailed to [the plaintiff], a copy of the contract it entered into with Equifax to pull the credit of individuals who met a set of preselection criteria, [the defendant's] internal policies regarding FCRA compliance, and evidence confirming that a majority of those consumers who were sent the same firm offer of credit as [the plaintiff] were able to open credit cards with [the defendant]."[4]

The court denies the plaintiff's request to compel further written discovery responses. Most of the material and information sought in the plaintiff's interrogatories and requests for production is not relevant and proportional to the needs of this case, which now involves a single claim for an individual FCRA violation.

## STATEMENT

This case began as a putative class action against financial institutions where the plaintiff asserted claims under state and federal law. The operative Third Amended Complaint includes the following claims: (1) FCRA violations (negligent and intentional); (2) California Bus. & Prof. Code § 17200 (UCL) violations; (3) California Consumer Credit Reporting Agencies Act (Civil Code § 1785 et seq.) violations; (4) California Invasion of Privacy Act (CIPA), Cal. Penal Code §§ 630, violations; (5) Comprehensive Computer Data Access and Fraud Act (CDAFA), Cal. Penal Code § 502, violations; (6) Intrusion Upon Seclusion; and (7) Public Disclosure of Private Facts.[5]

The original named plaintiff and proposed class representative, Lawrence Palmer, died in September 2021.[6] The plaintiff moved to substitute Mr. Palmer's spouse, Jeanie Palmer, for Mr. Palmer.[7] The court found that Jeannie Palmer was not an adequate representative of the class and was not properly substituted for purposes of the state-law claims and that joinder of the defendants

---

[4] *Id.* at 5.

[5] Third Am. Compl. – ECF No. 68 at 10–29 (¶¶ 74–194).

[6] Suggestion of Death – ECF No. 117; Mot. to Substitute – ECF No. 119 at 4.

[7] Mot. to Substitute – ECF No. 119.

named in the original case was not proper.[8] In April 2022, the court severed the original case (3:20-cv-06309-VC) into four separate actions (3:22-cv-02177-VC, 3:22-cv-02178-VC, 3:22-cv-02179-VC, 3:22-cv-02180-VC ).[9] The court also struck the class allegations and dismissed all of the claims except Ms. Palmer's individual federal claim.[10]

Given the trial court's recent orders, the only pending claim is for alleged violations of the FCRA. The defendant has moved for summary judgment on this claim on grounds that it did not violate the FCRA because it gave the plaintiff's husband, Lawrence Palmer, a "firm offer of credit."[11] In this regard, 15 U.S.C. § 1681b(c)(1)(B)(i) provides that "[a] consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any credit or insurance transaction that is not initiated by the consumer only if . . . the transaction consists of a firm offer of credit or insurance." *See Chavez v. Premier Bankcard, LLC*, No. 1:11-cv-01101 LJO GSA, 2011 WL 5417107, at *3 (E.D. Cal. Nov. 8, 2011) ("Congress amended the FCRA in 1996 to permit creditors to purchase prescreened lists of consumers who meet the creditor's specific criteria without the consumers' consent as long as the purchaser intends to give the consumer a 'firm offer of credit.'"). In opposition to the defendant's motion for summary judgment, the plaintiff states: "The issue in this case is whether [the defendant] had a 'permissible purpose' to procure Plaintiff's credit reports on an inquiry basis."[12] In sum, the live claims and defenses are narrow and involve only whether the defendant violated the FCRA by obtaining Mr. Palmer's credit report.

---

[8] Orders – ECF Nos. 125, 133.

[9] Order – ECF No. 133.

[10] *Id.* at 2.

[11] Mot. for Summ. J. – ECF No. 144 at 13.

[12] Opp'n – ECF No. 148 at 13.

**ANALYSIS**

**1. Relevancy**

The court must first determine whether the information sought is relevant. *See* Fed. R. Civ. P. 26(b) (subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

While the plaintiff made various claims about the sufficiency of the defendant's discovery responses, the plaintiff did not demonstrate that all information sought is relevant to the live claims and defenses or proportional to the needs of the case. Some of the material sought is plainly beyond the scope of permissible discovery given the narrow claim at issue.

For instance, Request for Production No. 6 asks for all communications between the defendant and any person with whom the defendant shared the plaintiff's personally identifiable information during the class period relating to the sharing of that information.[13] Interrogatory No. 10 asks for the identity of all persons to whom the defendant transmitted class members' personally identifiable information and Interrogatory No. 13 asks for the purpose for which class members' personally identifiable information was transmitted to any person.[14]

The material sought through these discovery requests primarily relates to the now-dismissed class action privacy claims. It does not, in general, relate to the pending FCRA claim. The over broad discovery requests are apparently based on a misconception about what issues are currently live. In the discovery letter, the plaintiff mischaracterizes the scope of the case as it stands now when she states that "[t]his is a privacy case that concerns the transmission and use of personally identifiable information without authorization."[15]

The plaintiff's position does not account for the fact that only one individual claim for alleged violations of the FCRA is currently pending. Only material that is relevant to this claim or the

---

[13] Def.'s Resps. to Req. for Produc., Ex. 2 to Disc. Letter – ECF No. 150-1 at 25.

[14] Def.'s Resps. to Interrog., Ex. 4 Disc. Letter – ECF No. 150-1 at 72, 74.

[15] Disc. Letter – ECF No. 150 at 1.

defendant's defenses and "proportional to the needs of the case" is discoverable. The plaintiff has made no effort to show that any of the material sought meets this threshold.

While the material sought does not, in general, relate to the pending FCRA claim, there are exceptions. For example, Request for Production No. 30 asks for "any firm offer of credit [the defendant] claim[s] to have sent to [the plaintiff], if any."[16] Any document responsive to this request should be produced without redaction. Similarly, Interrogatory No. 8 asks for the identity of "the director, employee or officer at [the defendant's] company who is most responsible for compliance with the FCRA."[17] This information may be relevant. The problem is the plaintiff has not specifically explained why the material is discoverable given the narrow claim at issue.

Furthermore, the documents that the defendant has already produced, including "the firm offer of credit that was mailed to [the plaintiff], [and] a copy of the contract it entered into with Equifax," appear to be sufficient to evaluate the plaintiff's individual FCRA claim and the defendant's contention that it complied with the FCRA.[18] Although these responses were served before the court dismissed the state-law claims, they were based on Judge Corley's order limiting discovery "to material necessary to adjudicate Plaintiff's individual FCRA claims."[19]

In short, the plaintiff's request to compel the defendant to provide further responses to Requests for Production Nos. 1–11, 13–26, 29–38 and Interrogatories Nos. 1–33 is unjustified because most of the material and information sought is not within the scope of permissible discovery. Therefore, the plaintiff's request to compel supplemental discovery responses is denied without prejudice. In any further discovery letter, the parties must (1) specifically identify each disputed request for production or interrogatory and (2) provide each party's view on why the information sought in each request is or is not discoverable.

---

[16] Def.'s Resps. to Req. for Produc., Ex. 2 to Disc. Letter – ECF No. 150-1 at 41.

[17] Def.'s Resps. to Interrog., Ex. 4 Disc. Letter – ECF No. 150-1 at 71.

[18] Disc. Letter – ECF No. 150 at 5.

[19] *Id.* ("Mindful of the narrow scope of discovery set by Judge Corley and the narrow scope of the issues raised in HSBC's motion . . . ."); Order – ECF No. 64; Def.'s Resps. to Interrog., Ex. 4 Disc. Letter – ECF No. 150-1 at 88–89; Def.'s Resps. to Req. for Produc., Ex. 2 to Disc. Letter – ECF No. 150-1 at 47.

**2. Other Issues**

The plaintiff raised several other issues: (1) the lack of a privilege log, (2) verification "on information and belief," and (3) relevancy redactions.[20] Regarding the privilege log, if the defendant is withholding any documents based solely on a claim of privilege, it should "produce a privilege log that is sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified." *Prado v. Equifax Info. Servs. LLC*, No. 18-cv-02405-PJH (LB), 2019 WL 88140, at *3 (N.D. Cal. Jan. 3, 2019). Because the defendant appears to primarily rely on other objections to the defendant's discovery requests (*e.g.,* relevancy, proportionality), it need not produce a privilege log at this time.

On the verification issue, it is not necessarily improper to include "information and belief" language in the verification of interrogatory responses. *See Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-AGS, 2017 WL 3149578, at *7 (S.D. Cal. July 24, 2017) (holding that verification statement that included the phrase "I am informed and believe" satisfied Rule 33 because "[n]one of the actual answers to the interrogatories [were] stated on information and belief, and all of interrogatory answers were verified . . . under penalty of perjury to be true and correct."). Because the individual interrogatory responses are not made on information and belief, the defendant's verification statement complies with the oath requirement in Rule 33(b)(3).

Concerning relevancy redactions, so-called relevancy redactions are not prohibited but are generally disfavored outside of certain limited circumstances. *Kellman v. Whole Foods Mkt. California, Inc.*, No. 17-cv-06584-LB, 2021 WL 4476779, at *2 (N.D. Cal. Sept. 30, 2021). For example, in *Barnes v. Equinox Group*, the court permitted a class representative to redact non-responsive private information from bank statements that otherwise contained relevant information concerning the class representative's "side business." No. C 10-03586 LB, 2012 WL 13060044, at *3–4 (N.D. Cal. June 14, 2012). But in *Francisco v. Emeritus Corp.*, the court disallowed

---

[20] Disc. Letter – ECF No. 150 at 4.

relevancy redactions to an employee handbook in a wage-and-hour action even though the defendant offered to allow the plaintiff to identify relevant sections of the handbook by reference to a table of contents because "[n]either Plaintiff nor the Court [could] say with confidence that the only relevant portions of the handbook [could] be discerned from a review of a table of contents." No. CV 17-2871 BRO (SSX), 2017 WL 11036693, at *6 (C.D. Cal. Sept. 5, 2017).

The plaintiff argues that the defendant "has improperly produced documents that are wholly redacted," but has not provided any other details to help the court evaluate whether the redactions are justified or not.[21] Thus, the court declines to order the defendant to produce unredacted versions of all documents it has produced.

## CONCLUSION

The plaintiff's request to compel supplemental responses to its interrogatories and requests for production is denied without prejudice.

**IT IS SO ORDERED.**

Dated: August 12, 2022

                                                                                    _____
LAUREL BEELER
United States Magistrate Judge

---

[21] *Id.*